# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK T. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 16-09666 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff seeks review of the Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter now is ready for decision.

## BACKGROUND

On February 27, 2013, Plaintiff applied for disability insurance benefits and supplemental security income. Plaintiff's claim was denied initially and on reconsideration. A hearing was then held before an Administrative Law Judge ("ALJ") with Plaintiff, his attorney, and a vocational expert ("VE") present.

(Administrative Record ("AR") 36-52.) On August 5, 2015, the ALJ entered a decision determining Plaintiff's residual functional capacity ("RFC") of medium work with limitations to frequent overhead reaching with the left arm. (AR 22-35.) The VE testified that a person with the RFC could perform Plaintiff's past work as a combination medical assistant and x-ray technician, both light vocations. (AR 48-51.) The ALJ adopted this vocational finding and concluded that Plaintiff could perform his past work. (AR 30.) The Appeals Council denied review. (AR 1-7.) Plaintiff filed his Complaint in the present case on December 31, 2016.

## DISPUTED ISSUE

Whether the ALJ properly assessed Plaintiff's subjective symptom testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Where, as in this case, the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of

pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

Plaintiff here testified at the hearing about the nature and extent of his condition. (AR 39-48.) The ALJ's credibility determination is found at AR 30:

> The undersigned has further considered the claimant's allegations of a disabling condition and finds them to be partially credible. The medical records do not support the severity of the symptoms. Moreover, although the claimant has had a history of work related accident and motor vehicle accident, these incidents occurred several years ago. Additionally, the claimant testified at the hearing that he is capable of performing household chores such as cleaning, grocery shopping, cooking and doing laundry. Moreover, he testified that he is able to stand for as long as he wants but experiences some swelling of the ankles afterwards. He further testified that he walks about 1.5 miles every day.

The Court reads the decision as setting forth three reasons in support of the partial credibility finding. First, the ALJ referred to the fact that Plaintiff had motor vehicle and work accidents that occurred several years ago. (AR 30.) However, the ALJ gave no explanation how that affected the believability of Plaintiff's testimony

3

or what aspect of the testimony was found not credible due to the prior accidents. In particular, the ALJ did not describe how the timing of those accidents is inconsistent with specific symptom claims made by Plaintiff or how they correspond to Plaintiff's ability to obtain and maintain employment. Thus, the ALJ's brief mention of Plaintiff's prior accidents happening several years ago does not provide a valid basis for the partial credibility finding. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints"); *Brown-Hunter*, 806 F.3d at 493-94 (generalized adverse credibility findings are insufficient).

Second, the ALJ cited to Plaintiff's activities of daily living. (AR 30.) The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. As the Ninth Circuit has further stated, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). In this case, the ALJ did what the Ninth Circuit cautioned against: referring to Plaintiff's daily activities and apparently concluding that they were partially inconsistent with Plaintiff's claimed disability. The ALJ's decision identifies Plaintiff's ability to do household chores (specifically "cleaning, grocery shopping and doing laundry"), to stand for as long as he wants, and to walk 1.5 miles per day. (AR 30.) However, the ALJ did not describe how those activities are inconsistent with specific symptom claims made by Plaintiff. Nor does the decision explain how Plaintiff's activities permit him to obtain and maintain a job. Citing plaintiff's ability to perform basic activities

4

without explaining how these activities are inconsistent with plaintiff's complaints is legally insufficient. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony"); *Lester*, 81 F.3d at 834. As a result of this lack of specificity, the decision's reference to Plaintiff's daily activities is an inadequate basis for the ALJ's credibility determination. *See Brown-Hunter*, 806 F.3d at 493-94.

Third, the ALJ found that Plaintiff's allegations regarding the severity of his symptoms and limitations were greater than what the objective medical evidence shows. (AR 30.) Because the ALJ's prior two reasons are insufficient, this remaining reason cannot be legally sufficient by itself to support the adverse credibility determination. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."). Lack of objective medical evidence may be a factor an ALJ can consider in his credibility analysis, but it cannot form the sole basis for a credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

Finally, to the extent the Commissioner refers to other purported reasons of the ALJ that are not found in the decision (or relies on facts and evidence beyond that discussed in connection with the ALJ's credibility assessment), those reasons cannot be used by the Court to support the otherwise inadequate credibility determination. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); *Brown-Hunter*, 806 F.3d at

494 (finding error in district court's reliance on inconsistencies in claimant's testimony that were identified by the ALJ's decision).

In sum, reversal is warranted based on the errors in the ALJ's credibility determination.

**REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id*. (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

**ORDER**

IT IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: January 30, 2018

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE